IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVINS SPURGEON, as special administrator for the estate of Ralph Spurgeon, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL SENIOR LIVING, INC., KATIE FESTER, Administrator; JOHN DOE, and JANE DOE,<br><br>Defendants. | 8:19CV508<br><br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on Plaintiff's Motion to Remand (Filing No. 4). The undersigned will recommend that the motion be granted.

## BACKGROUND

Plaintiff, a Nebraska resident, filed this negligence action against Capital Senior Living, Inc. ("Capital"), Katie Fester ("Fester"), and Jane and John Does in the District Court of Douglas County, Nebraska on October 17, 2019. The complaint alleges that Defendants breached their duty to provide Plaintiff's decedent with proper treatment and a safe, clean, and comfortable living environment. (Filing No. 1-1.) The complaint alleges that Capital is a corporation headquartered in Dallas, Texas. The complaint states that Capital owns and operates residential communities for senior adults, including Crown Pointe Assisted Living ("Crown Pointe"), located in Omaha, Nebraska. The complaint alleges that Fester is employed by Crown Pointe as its Administrator and that Jane and John Does were nurses hired by Crown Pointe.

Defendants removed the action to federal court on November 20, 2019, based on diversity jurisdiction under 28 U.S.C. § 1332. The Notice of Removal asserts that Fester, a Nebraska resident, was named as a defendant in order to defeat diversity jurisdiction. The Notice alleges that Plaintiff has failed to allege individual acts or any specific allegations of duty or breach of duty by Fester. Defendants contend that due to this fraudulent joinder, there is diversity of citizenship between the parties.

Plaintiff filed the Motion to Remand on November 27, 2019. To date, Defendants have not responded to the motion.

**DISCUSSION**

A defendant may remove an action from state court to federal court when a federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over cases that meet the standards for diversity jurisdiction. Diversity jurisdiction exists when an action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction can only be maintained, however, "where there is complete diversity, that is, where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix International Company*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotation omitted). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." *Arkansas Blue Cross & Blue Shield of Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009).

Plaintiff argues this case should be remanded to state court based on lack of subject matter jurisdiction. Plaintiff denies a fraud has been committed on the Court. Plaintiff asserts that Fester was properly added as a defendant because she was aware of the living conditions at Crown Pointe and failed to take corrective action. The complaint alleges that Defendants knew, or should have known, that the care provided to Plaintiff's decedent fell short of the standard of care. (Filing No. 1-1.) The complaint further alleges that "Fester voluntarily undertook the duty to protect each patient's health, safety, and well-being and to supervise medical staff to ensure proper patient care." (Filing No. 1-1.)

The undersigned will recommend that this action be remanded to the District Court of Douglas County, Nebraska for lack of jurisdiction. Because Plaintiff and Fester are both Nebraska residents, complete diversity is lacking. Defendants have not responded to the Motion to Remand and there is no evidence that Fester was joined as a defendant simply to defeat jurisdiction.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Senior United States District Court Judge Laurie Smith Camp that Plaintiff's Motion to Remand ([Filing No. 4](#)) be granted and that this case be remanded to the District Court of Douglas County, Nebraska.

Dated this 13th day of January, 2020.

BY THE COURT:


s/ Susan M. Bazis
United States Magistrate Judge


**ADMONITION**

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.